J. Murray Zeigler, AZ Bar #012427
**Zeigler Law Group, PLC**
17 W. Vernon, Suite 608
Phoenix, AZ 85003
Telephone: (480) 888-6269
Facsimile: (888) 457-0409
murray@zeiglerlawgroup.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**MARK ANTHONY TERAN, Sr.**,<br>SSN xxx-xx-4036, and,<br><br>**MICHELLE LEEANN TERAN**,<br>SSN xxx-xx-5085,<br><br>22179 W TWILIGHT TR<br>BUCKEYE, AZ 85326<br><br>Debtor(s).<br>_____<br><br>**WELLS FARGO BANK, N.A.**,<br><br>Movant,<br><br>v.<br><br>**MARK ANTHONY TERAN, Sr.**,<br>and **MICHELLE LEEANN TERAN**,<br>Debtors; and **DAVID M. REAVES**,<br>Chapter 7 Trustee,<br><br>Respondents. | Case No. 2:09-bk-26351-RJH<br><br>Chapter 7<br><br><br>**OBJECTION TO MOTION TO LIFT THE AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR SANCTIONS FOR MULTIPLE VIOLATIONS OF 11 U.S.C. § 362(a)**<br><br>Re: Real Property Located at 22179 W. Twilight Tr., Buckeye, AZ 85326 |

Debtors/Respondents Mark Anthony Teran and Michelle Leann Teran ("Debtors"), hereby object to the Motion to Lift the Automatic Stay filed by Wells Fargo Bank, N.A. ("Movant") for the reasons that it is the Debtors desire and intent to retain the property, Movant has failed to present any evidence that it has an equity interest in the property and Movant is not the real party in interest and therefore

Objection to Lift Stay and Request for Sanctions - 1

does not have standing to bring a motion for stay relief. Additionally, Debtors request that the Court impose monetary sanctions against Movant for multiple and continuing violations of 11 U.S.C. § 362(a). The following Memorandum of Points and Authorities supports Debtors' Objection and Request for Sanctions.

## MEMORANDUM OF POINTS AND AUTHORITIES

**FACTS**

1. On or about October 5, 2007, Debtor Mark Anthony Teran obtained a loan to purchase the residence on behalf of himself Debtor Michelle Leann Teran that is the subject of the instant Motion. Debtors borrowed the sum of TWO HUNDRED SIXTY THOUSAND SIX HUNDRED EIGHTY-TWO AND 00/100 Dollars ($ 260,682.00) from the lender, Imortgage.com, Inc. to complete the purchase. (*See* Exhibit B attached to Movant's Motion.)

2. Debtors do not know who currently holds the Promissory Note that was signed in conjunction with the loan. On information and belief, Debtors allege that the Promissory Note is currently held by the lender, Imortgage.com, Inc. or the guarantor, the U.S. Department of Veterans Affairs.

3. On information and belief, Movant is the loan servicer of the Promissory Note.

4. Since the signing of the Promissory Note, the Residence has been carefully and regularly maintained by the Debtors and is in no way depreciating through any action of the Debtors.

5. Debtors have maintained adequate fire and hazard insurance on the Residence and Movant's interest, if any, is adequately protected.

6. On October 19, 2009, Debtors filed their petition for relief pursuant to Chapter 7 of the U.S. Bankruptcy Code. At that time, the automatic stay provisions of 11 U.S.C. § 362(a) became effective.

7. It is Debtors desire to retain their residence and to restructure the original loan to make mortgage affordable pursuant to the federal programs designed to assist borrowers who have experienced a recent economic downturn. To that end, Debtors contacted Movant for instructions on how to apply for federal assistance. Shortly thereafter, Movant sent Debtors specific instructions regarding their application for assistance. See Movant's letter dated October 7, 2009, attached hereto as Exhibit 1.

8.     Debtors sent all required information to Movant as they were instructed to do on several occasions.

9.     On October 28, 2009, in violation of the automatic stay, Movant sent a letter to Debtors stating, "`The above loan file has been referred to our attorney with instructions to begin foreclosure proceedings.`" See Movant's letter dated October 28, 2009, attached hereto as Exhibit 2.

10.    On October 30, 2009, in violation of the automatic stay, Movant, through its agent First American Title Insurance Company ("FATICO") recorded a Notice of Trustee's Sale with the Maricopa County Recorder's Office setting a Trustee's Sale of the Debtors' residence on February 2, 2010 at 12:30 p.m. See Notice of Trustee's Sale attached hereto as Exhibit 3.

11.    On November 2, 2009, in violation of the automatic stay, Movant, through its agent FATICO sent a demand letter to Debtors demanding the sum of TWO HUNDRED SIXTY SEVEN THOUSAND SIX HUNDRED THIRTY-EIGHT AND 13/100 Dollars ($ 267,638.13) to satisfy the debt alleged by Movant. See FATICO demand letter attached hereto as Exhibit 4.

12.    On November 2, 2009, in violation of the automatic stay, Movant sent Debtors a letter stating that Movant had "`. . . obtained insurance for you, and assessed your loan to cover the policy premium.`" This action was taken without Debtors knowledge or consent even though Debtors had maintained insurance on the residence. See letter from Movant to Debtors attached hereto as Exhibit 5.

13.    On November 4, 2009, counsel for Movant sent a letter to Debtors' counsel, undersigned, purportedly pursuant to Arizona Bankruptcy LR 4001-1(b), demanding full payment of all alleged outstanding payments together with late charges, foreclosure fees, "other" fees and attorney fees or Movant would file a Motion for Relief on November 12, 2009. Said letter also contained the statement, "`This amended letter is to advise you that our office has been retained by Wells Fargo Bank, N.A., beneficiary of the Deed of Trust, which is a lien on the subject property.`" At the time the statement was made, counsel for Movant knew that the statement was false and that Movant was merely the servicer of the Debtors loan. See letter from Tiffany & Bosco, P.A. to Debtors counsel attached hereto as Exhibit 6.

14.    On November 11, 2009, Movant sent Debtors a letter stating that Debtors' mortgage had been transferred to Movant in violation of the automatic stay.

The letter stated, in part, "On 10/30/2009, your mortgage was sold to Wells Fargo Bank, N A" and "Please note your mortgage was originated or assigned to Mortgage Electronic Registration Systems, Inc, ("MERS"). When the ownership of your mortgage was transferred to Wells Fargo Bank, no assignment document was required. Evidence of this transfer is stored electronically at the following MERS location. . ." See Movant's letter to Debtors dated November 11, 2009 attached hereto as Exhibit 7.

15. In its Motion, Movant has failed to include an appraisal of the residence. Movant has further failed to present any evidence whatsoever on the issue of equity in order to meet its burden in this regard. 11 U.S.C. § 362(g).

16. Movant, to date, has failed to communicate with Debtors in any manner regarding Debtors request for modification of the Promissory Note and Deed of Trust pursuant to the Make Home Affordable Program.

17. Movant is improperly attempting to prosecute its Motion for Relief from the Automatic Stay without showing that it is the proper party to prosecute the Motion or demonstrating that it has authorization from the proper party to prosecute the Motion.

## LAW AND ARGUMENT

**A. The Movant's Interest In The Property Is Adequately Protected.**

Debtor has regularly and carefully maintained and improved the Residence while she has possessed the Residence. The Residence is also fully insured. Movant's interest, if any, is adequately protected.

**B. Movant Is Not The Real Party In Interest As It Is Not In Possession Of The Promissory Note.**

The nature and extent of property interests in bankruptcy are determined by applicable state law. *Butner v. United States,* 440 U.S. 48, 54-55 (1979). Title 47 Chapter 3 of Arizona's enactment of the Uniform Commercial Code governs transfers of, as well as security interests in, negotiable instruments.

A holder of a note is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." A.R.S. § 47- 1201(B)(21)(a). To be the "holder" of an instrument one must possess the note and the note must be payable to the person in possession of the note, or to bearer.

Movant attached a copy of a Deed of Trust and Promissory Note to its Motion showing that Imortgage.com, Inc. it is the real party in interest. According to

Movants own documents, Movant was only the servicer of the loan payments, not the actual owner (or possibly possessor) of the Promissory Note. Therefore, pursuant to Arizona law, Movant is not the "holder" of the note and cannot bring or prosecute the instant Motion.

**C.   Movant Lacks Standing To File A Motion For Relief From Stay.**

In order to file a motion for stay relief, Movant must have standing to bring the motion. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing is a requirement grounded in Article III of the U.S. Constitution and a defect in standing cannot be waived by the parties. *In re Kang Jin Hwang*, 396 B.R. 757, 768 (Bankr. C.D. Cal. 2008). Movant must have both constitutional standing and prudential standing for this Court to have jurisdiction over the matter. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004).

The U.S. Supreme Court has stated the standing requirement as follows: "To qualify for standing, a claimant must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling." *Davis v. Fed. Election Comm'n,* 128 S.Ct. 2759, 2768, 171 L.Ed.2d 737 (2008). Movant has the burden of establishing standing. *Loren v. Blue Cross & Blue Shield of Michigan,* 505 F.3d 598, 606-07 (6th Cir.2007). If Movant cannot do so, its Motion must be dismissed for lack of subject matter jurisdiction. *Id* (citing *Central States Southeast & Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care,* 433 F.3d 181, 199 (2d Cir.2005)). *In re Foreclosure Cases,* 521 F.Supp.2d 650 (S.D. Ohio, 2007). As shown above, Debtors have not injured Movant and Movant has not suffered any injury because Movant is not the holder of the Deed of Trust and/or the Promissory Note. Even if a beneficial interest was purportedly transferred to Movant post-petition, such a transfer was made in violation of the automatic stay and was ineffective to transfer an interest to Movant. Movant has no interest in the Promissory Note therefore it lacks constitutional standing to bring a motion for stay relief.

Prudential standing includes the idea that the injured party must assert its own claims, rather than another's. See, e.g., *Warth,* 422 U.S. at 499. Thus, the real-party-in-interest doctrine generally falls within the prudential standing doctrine. See *Hwang,* 396 B.R. at 769. The right to enforce a note on behalf of a noteholder does not convert the noteholder's agent into a real party in interest. "As a general rule, a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of

his principal rather than in his own name." *In re Jacobson,* 402 B.R. 359 (Bankr. W.D.Wash., 2009); *Hwang,* 396 B.R. at 767, quoting 6A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1553.

In relief from stay actions, the real party in interest is whoever is entitled to enforce the obligation sought to be enforced. Even if a servicer or agent has authority to bring the motion on behalf of the holder, it is the holder, rather than the servicer, which must be the moving party. *See Jacobson* at 366. Thus, comply with the requirement of prudential standing, Movant must show that it has an interest in the relevant note, and that it has been injured by debtor's conduct. Movant must assert its own legal rights and interests, of which it has none. *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 971 (9th Cir. 2009). A party without legal rights to enforce an obligation under applicable substantive law lacks standing. *Doran v. 7- Eleven Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).

There are numerous cases where the mortgage servicer was held not to be a real party in interest. *In re Hayes,* 393 B.R. 259, (Bankr. D. Mass. 2008), is illustrative. In *Hayes,* the debtor filed a Chapter 13 petition having received a mortgage loan from Argent Mortgage Company LLC. Prepetition, Argent had sold the note, and through an unknown chain that apparently ended in a mortgage backed security trust. Deutsche Bank, as trustee for an asset securitization trust, through its mortgage servicer Citi Residential Lending, Inc. ("Citi"), claimed the right to enforce the note, as purchaser. Citi introduced multiple documents purporting to establish Deutsche Bank's ownership of the mortgage, but the Court ruled that Citi had not provided documentary evidence showing each transfer of the mortgage.

The bankruptcy court denied Deutsche Bank's motion for relief from the automatic stay on the grounds that the purchaser lacked standing. "Deutsche Bank failed to adequately trace the loan from the original holder, [Argent Mortgage], to it." *Hayes*, 393 B.R. at 268. The purchaser in that case could not provide documentary evidence showing each transfer of the mortgage. ("To have standing to seek relief from the automatic stay, [movant] Deutsche Bank was required to establish that it is a party in interest and that its rights are not those of another entity."). *Id,* at 267. See also *In re Nosek,* 386 B.R. 374, 380 (Bankr. D. Mass. 2008), affd in part, vacated in part, 2009 WL 1473429 (D. Mass. 2009); *In re Hwang,* 396 B.R. 757 at 67 ("If a loan has been securitized, the real party in interest is the trustee of the securitization trust, not the servicing agent").

As Movant herein is only the loan servicer and not the lender that holds or owns the Promissory Note in question, it is not the real party in interest and cannot maintain the instant motion.

**D.     Movant Failed To Comply With Arizona Bankruptcy LR 4001-1(b).**

As noted above, L.R. 4001-1 requires a holder of a secured interest in residential real property to contact the Debtor or Debtor's counsel prior to filing a Motion for Relief from the Automatic Stay.  L.R. 4001-1 states, in pertinent part:

> **(b) Residential Property Pre-Filing Certification.**  Unless the movant is seeking emergency relief under Bankruptcy Code § 362(f), a motion seeking relief as to the debtor's residence must be accompanied by a certification that: (i) movant's counsel sent a letter seeking to resolve the issues necessitating the motion to debtor's counsel or the debtor, if the debtor is without counsel, and that after sincere effort the parties have been unable to resolve the matter, and (ii) the letter was sent at least five business days prior to the filing of the motion.  In the absence of such certification the court may deny the inclusion of attorney's fees as part of the secured debt or as part of the allowed claim.

In the instant matter, Movant has failed to comply with the mandatory provisions of L.R. 4001-1.  Movant's entire efforts to comply with the mandates of L.R. 4001-1 consisted of sending one letter to Debtors' counsel demanding the entire outstanding balance; an "offer" that was neither realistic nor a, ". . . sincere effort. . . to resolve the matter." Movant's actions cannot be held to have complied with L.R. 4001-1. As such the Motion, at best is premature. Debtors therefore request that the Court dismiss the Motion in its entirety for failure to comply with the mandatory local rules.

**E.     Movant's Motion, If Granted, Should Be Limited In Scope.**

In its Motion, Movant states, "Movant further seeks relief in order to contact the Debtor (sic) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors." It is apparent from Movant's own statements that Movant and Debtors have similar goals regarding the subject property. Debtors specifically request that Movant's representatives provide Debtors with information as to what programs are available to reduce principal, interest and the like on their mortgage. Debtors are certainly willing to enter into a stipulation to modify the automatic stay for the limited

purpose of allowing Movant to communicate directly with Debtors in order to modify the mortgage pursuant to the Make Homes Affordable program. However, if the automatic stay is lifted as Movant requests, without limitation, Debtors are concerned that Movant will refuse to engage in any honest negotiations with Debtors but will immediately pursue a foreclosure proceeding without even attempting to negotiate a settlement.

### F. Movant's Actions Violate The Automatic Stay And An Award Of Sanctions Are Appropriate.

11 U.S. C. §362 stays post petition actions against a debtor. The automatic stay provision of the Bankruptcy Code provides a broad stay of actions against a debtor in order to allow a debtor a breathing spell from creditors.

11 U.S. C. §362 provides in pertinent part:

> (a) petition . . . operates as a stay, applicable to all entities, of. . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

Movant had actual knowledge of the Debtors' bankruptcy petition. Nevertheless, Movant cavalierly disregarded the automatic stay provisions and recorded a Notice of Trustee's Sale and sought foreclosure of Debtors' residence. "Where the creditor violates the stay with knowledge of bankruptcy, it is a 'willful violation' within the meaning of the Bankruptcy Code." *In re Coons*, 123 Bankr. 649, 650 (Bankr. N.D. Okl. 1991). See also, *In re Bloom*, 875 F.2d 224,227 (9th Cir. 1989) (willful violation found if party knew of automatic stay and violative actions are intentional).

Moreover, 11 U.S. C. §362(k)(1) provides
> Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Aside from Movant's intentional conduct, its relentless pursuit of its claim against Debtors should be construed by the court as malicious, giving rise to punitive damage liability. See *In re Crysen Montenay Energy Co.,* 902 F2nd 1098,1105 (2nd Cir. 1990). See also *In re Conlon*, 114 Bankr. 890,898, appeal dismissed, 123 Bankr. 719 (Bankr. E.D. Pa. 1990) (state court held liable to debtor for fining debtor for contempt); *Homer Nat. Bank v. Namie*, 96 Bankr 652, 655 (W.D. La 1989) (creditors who willfully violated automatic stay can be held liable to other creditors for depletion of

estate); *Matter of Yu Chin T. Lim*, 30 Bankr. 112, 114 (Bankr. Fla 1983) (creditors who willfully violated automatic stay must pay costs and attorney's fees).

In the instant matter, Movant's knowing and intentional violation of the automatic stay cannot be questioned. Because of its egregious conduct, Movant should be held liable to Debtors for actual and punitive in an amount to be determined by the Court. Additionally, Debtors should be awarded their attorney fees and costs incurred in their defense of Movant's baseless Motion for Relief.

### G. Request for Relief.

For the foregoing reasons, Debtors requests that Movant's Motion to Lift the Automatic Stay be dismissed for lack of standing and/or subject matter jurisdiction. Debtors further request that they be awarded their actual and punitive damages in an amount to be determined by the Court for Movant's knowing violation of the automatic stay. Additionally, Debtors request that the Court award them reimbursement for their attorney fees and costs against Movant incurred in the preparation and defense of Movant's baseless Motion.

Dated: November 30, 2009

**ZEIGLER LAW GROUP, PLC**

/s/ 012427 J. Murray Zeigler
Attorneys for Debtors

On November 30, 2009, I served the foregoing documents described as **OBJECTION TO MOTION TO LIFT THE AUTOMATIC STAY; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES; AND REQUEST FOR SANCTIONS FOR MULTIPLE VIOLATIONS OF 11 U.S.C. § 362(a)** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR MOVANT
Leonard J. McDonald
Tiffany & Bosco, P.A.
LJM@tblaw.com

TRUSTEE
David A. Birdsell
angie@azbktrustee.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ 012427 J. Murray Zeigler

Objection to Lift Stay and Request for Sanctions - 9